UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

STACY L. WEISCHEDEL,

        Petitioner,

vs.

RANDY TEWS,

        Respondent.

                                   /

No. C 12-3232 PJH (PR)

**ORDER DISMISSING PETITION**

Petitioner, a federal prisoner incarcerated at F.C.I. Dublin has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

**DISCUSSION**

**A.    Standard of Review**

A district court must determine at the outset whether a petition filed by a federal prisoner is pursuant to 28 U.S.C. § 2241 or 28 U.S.C. § 2255, because congress has given jurisdiction over these petitions to different courts. *Hernandez v. Campbell*, 204 F.3d 861, 865-66 (9th Cir. 2000). A petition under § 2241 must be heard in the district of confinement, whereas if the petition is properly brought under § 2255, it must be heard by the sentencing court. *Id.* at 865.

A federal prisoner who seeks to challenge the legality of confinement must generally rely on a § 2255 motion to do so. *See Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006) ("The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. §

2241." (citation omitted)).  There is, however, an exception to that general rule.  Under the "escape hatch" of § 2255, a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." *Id.* (internal quotation marks omitted).  We have held that a prisoner may file a § 2241 petition under the escape hatch when the prisoner "(1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Id.* at 898 (internal quotation marks omitted).

**B.     Legal Claims**

Petitioner entered a guilty plea in the District of Montana in 1998.  She states that a direct appeal was denied and no other post conviction relief has been sought.  Petitioner does not allege that she is actually innocent of the crime, rather she claims that she was improperly sentenced and that certain sentencing enhancements were improper.  Petitioner challenges the sentencing enhancements for vulnerable victim and reckless endangerment during flight.  These arguments do not raise a claim of actual innocence for a § 2241 petition.  *See Marrero v. Ives*, 682 F.3d 1190, 1193 (9th Cir. 2012) (petitioner's escape hatch argument that he should not have qualified as a career offender in sentencing is not one of actual innocence).  Even if petitioner's claims could be construed as actual innocence claims, she has failed to show that she did not have an unobstructed procedural shot at presenting these claims.  In fact, petitioner raised the vulnerable victim claim on direct appeal that was denied in a published opinion. *U.S. v. Weischedel*, 201 F.3d. 1250, 1255 (9th Cir. 2000).  Petitioner does not allege that she was unable to bring the reckless endangerment during flight claim either on direct appeal or in a § 2255 motion.  To the extent petitioner wishes to raise these claims she must file a § 2255 motion in the District of Montana, but this § 2241 petition must be denied.

## CONCLUSION

The petition is **DISMISSED** for the reasons set forth above.  A Certificate of Appealability is **DENIED** because reasonable jurists would not find the court's dismissal debatable or wrong.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000) (standard).  The

2

clerk shall close the file.

**IT IS SO ORDERED.**

Dated:    March 8, 2013.

                            PHYLLIS J. HAMILTON
                            United States District Judge

G:\PRO-SE\PJH\HC.12\Weischedel3232.dis.wpd

**United States District Court**
For the Northern District of California